or control the course of any proceedings pending in the probate court of Tuscola county; and directing the circuit judge of the circuit including the county of Tuscola to exercise supervisory control over the probate court and, in conjunction with the court administrator, to procure such judicial assistance as may be deemed necessary.— REPORTER.]

### JETT v. JUDGE OF RECORDER'S COURT FOR THE CITY OF DETROIT.

1. CRIMINAL LAW—SANITY PROCEEDINGS.

A trial court may order the institution of sanity proceedings with respect to one accused of felony who shall appear to be insane or shall have been acquitted upon the trial upon the ground of insanity (CL 1948, § 767.27, as amended by PA 1961, No 166).

2. SAME—SANITY PROCEEDINGS.

Sanity proceedings to ascertain whether or not one accused of felony may be incapable of understanding the nature and object of the proceedings against him, and of assisting in his defense in a rational or reasonable manner may be instituted where it is claimed the accused has become insane after the commission of the felony and before or during the trial thereon (CL 1948, § 767.27, as amended by PA 1961, No 166).

3. SAME—SANITY PROCEEDINGS—SUFFICIENCY OF PETITION.

Petition of prosecuting attorney which failed to allege facts from which it may be inferred that one accused of assault with intent to commit murder was presently insane was insufficient to confer jurisdiction upon the circuit court to institute sanity proceedings as to accused on whose behalf there had been filed a notice of intent to interpose the defense of temporary insanity and a list of 14 witnesses whose testimony was to be presented in support thereof (CL 1948, § 767.27, as amended by PA 1961, No 166).

4. SAME—SANITY PROCEEDINGS—CONSTITUTIONAL LAW—JURISDICTION.

Constitutionality of statute authorizing institution of sanity proceedings as to one accused of crime is not determined in view of settled policy of the Supreme Court to avoid determination

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 14 Am Jur, Criminal Law § 44 et seq.; § 55 et seq.
[4] 3 Am Jur, Appeal and Error § 838.

upon that ground if the case can be disposed of on any other ground, and it is determined that trial court did not have jurisdiction to institute questioned proceeding (CL 1948, § 767-.27, as amended by PA 1961, No 166).

5. SAME—SANITY PROCEEDINGS—JURISDICTION.

Orders of trial court canceling bond of one accused of felony of assault with intent to commit murder, and ordering accused's witnesses to appear at a separate hearing before a sanity commission to testify, are set aside in mandamus proceeding, where petition filed to institute sanity proceedings was insufficient to confer jurisdiction (CL 1948, § 767.27, as amended by PA 1961, No 166).

Original mandamus by Troy Jett, accused of assault with intent to commit murder, to compel John P. O'Hara, judge of the recorder's court for the city of Detroit, to vacate order appointing sanity commission and to admit accused to bail. Submitted February 13, 1962. (Calendar. No. 49,705.) Writs allowed February 20, 1962, setting aside orders requiring defense witnesses to appear before sanity commission, setting aside order denying bail, and directing that case be set for immediate trial. Opinion filed April 10, 1962.

*Albert A. Goldfarb* and *James H. Hudnut*, for plaintiff.

*Samuel H. Olsen*, Prosecuting Attorney, Wayne County, *Samuel J. Torina* and *Angelo A. Pentolino*, Assistant Prosecuting Attorneys, for defendant.

KAVANAGH, J.   Respondent was arrested and charged with assault with intent to commit murder, it being alleged that said crime took place on June 24, 1961.   Examination was held before the Honorable John P. O'Hara, judge of the recorder's court for the city of Detroit, on September 18, 1961.   Re-

spondent was bound over for trial and bond was continued.

On January 3, 1962, counsel for respondent filed notice of the defense of temporary insanity and listed 14 witnesses to be presented at the trial to support such defense. Trial before a jury was set for January 9, 1962. Respondent, his witnesses and counsel appeared before the court ready for trial. The prosecuting attorney for Wayne county appeared and filed the following petition:

"Petition for examination by physicians under CL 1948, § 767.27, as amended by PA 1961, No 166 (Stat Ann 1961 Cum Supp § 27.967).

"Now comes Samuel H. Olsen, prosecuting attorney for the county of Wayne, State of Michigan, by S. Allen Early, Jr., his assistant, and petitions this court to appoint 2 or more reputable physicians to make a personal examination of Troy Jett, the above named defendant, and to file with the court a report in writing of the results of their examination, together with their conclusions and recommendations, in accordance with CL 1948, § 767.27, as amended by PA 1961, No 166 (Stat Ann 1961 Cum Supp § 27.967), for the following reasons:

"1. The above mentioned defendant, Troy Jett, was arrested by a Detroit police officer and charged with assault with intent to commit murder, it being alleged that said crime took place on June 24, 1961. Examination was held before the Honorable John P. O'Hara, judge of the recorder's court, on September 18, 1961, and the defendant was bound over for trial on the above mentioned charge and bond was continued in the amount of $1,000 and 2 sureties. Trial was set for January 9, 1962.

"2. On January 3, 1962, prior to said trial, counsel for defendant filed a "notice of insanity," and listed 14 witnesses to be presented at the trial to support such defense.

"3. The evidence adduced at the examination indicates that the defendant, after having been in the

company of the complainant for 1–1/2 hours, without previous altercation or unpleasantness, and to the surprise of the complainant, pulled out a gun and shot the complainant 4 times, further emptying his weapon.

"4. This petition is filed in order to determine whether or not at this time defendant is capable of understanding the nature and object of the proceedings against him and of comprehending his own condition in reference to such proceedings and of assisting in his defense in a rational or reasonable manner.

"Wherefore, your petitioner prays that this honorable court will appoint the commission herein requested."

Attached to the petition was the following affidavit of Edward Smith, a member of the police department of the city of Detroit, and allegedly the officer in charge of the case:

"Edward Smith, being first duly sworn, deposes and says that he is a member of the police department of the city of Detroit, and is the officer in charge of this case; that he has read the foregoing petition signed by the assistant prosecuting attorney, and that [he] has investigated this case and found that all the facts set forth in this case, after examination of the police record of this defendant, are true to his personal knowledge and belief. Deponent further says not."

The trial judge, over the objection of defense counsel, adjourned the trial, appointed the sanity commission, and notified the respondent to appear for examination at a time and place to be set by the commission.

Respondent received notice to appear before the sanity commission on January 25, 1962, at 8:30 a.m. He filed with the court a written petition requesting permission of the court for counsel to be present

during the examination by the sanity commission, and obtained waiver of the 4-day notice of hearing thereon from the prosecuting attorney's office. The petition was heard before the Honorable John P. O'Hara on January 24, 1962, and the court denied counsel permission to be present during such examination. The court asserted in effect that counsel could advise his client not to answer any questions asked by the sanity commission. Following the court's advice, the attorney instructed the respondent to inform the sanity commission of his name and address and to answer no further questions without the advice of counsel.

On January 30, 1962, respondent appeared at the place set for the examination, gave the doctors his name and address, and failed to respond to any further questions put to him, acting upon the advice of his counsel.

The sanity commission then reported to Judge O'Hara that because respondent had filed a notice of intent to plead insanity, with the names of 14 witnesses indorsed thereon, coupled with the "bizarre behavior" of the respondent, and the findings of the recorder's court psychiatric clinic, they recommended cancellation of respondent's bond pending further medical evaluation. Judge O'Hara ordered the bond canceled and respondent placed in custody. Upon the request of counsel to set bond, the trial court refused.

On February 6, 1962, this Court heard respondent's emergency application for leave to appeal, treated it as an original application for peremptory writ of mandamus, and stayed all sanity proceedings pending determination of the mandamus action. Subsequently, the following order was entered:

"This cause having come on to be heard on the petition filed by plaintiff, the return to the order

to show cause filed by defendant, and on the briefs of the parties, and due consideration having been had by the Court, it is ordered that the trial judge's order canceling plaintiff's bond and ordering him to be held without bond is hereby canceled and revoked.

"It is further ordered, that the order requiring defendant's witnesses to appear at a separate hearing before a sanity commission to testify be set aside and held for naught and that said cause be set down for trial.

"It is further ordered, that writs of mandamus may issue out of and under the seal of this Court directed to John P. O'Hara, judge of the recorder's court of the city of Detroit, commanding him to take all steps necessary in his official capacity to set aside said orders and to set said cause down for trial."

The statute under which the lower court was proceeding is CL 1948, § 767.27, as amended by PA 1961, No 166 (Stat Ann 1961 Cum Supp § 28.967).[*]

---

[*] CL 1948, § 767.27, as amended (Stat Ann 1961 Cum Supp § 28.967), reads in pertinent part as follows:

"When a person accused of any felony shall appear to be insane or shall have been acquitted upon trial upon the ground of insanity, the court, being certified by the jury or otherwise of the fact, shall carefully inquire and ascertain the issue of insanity. The court shall fix the time and place for the hearing of said issue, and shall cause notice thereof to be served on the party filing the petition or making the suggestion of insanity for or on behalf of such person or on 1 or more of the nearest relatives or friends of such person, if known. The court shall call 2 or more reputable physicians and other credible witnesses to testify at said hearing and the prosecuting attorney to aid in examination, and if it be deemed necessary to call a jury for that purpose, is fully empowered to compel the attendance of witnesses and jurors. Such alleged insane person may be represented by counsel who may appear and take part in the proceedings, cross-examine the witnesses and produce witnesses and testimony for and on behalf of such person. If it is claimed that such person became insane after the commission of the felony with which he is charged and before or during the trial thereon, the test on the trial of such issue shall be whether such person is capable of understanding the nature and object of the proceedings against him and of comprehending his own conditions in reference to such proceedings and of assisting in his defense in a rational or reasonable manner. If such person is found insane, the judge of said court shall order that he be discharged from imprisonment and that he be turned over to the

The circumstances permitting the court to act under the statute are:

1. When a person accused of any felony shall appear to be insane or shall have been acquitted upon the trial upon the ground of insanity.

2. If it is claimed that such person became insane after the commission of the felony with which he is charged and before or during the trial thereon, and it is alleged that such person is incapable of understanding the nature and object of the proceedings against him, and of comprehending his own condition in reference to such proceedings and of assisting in his defense in a rational or reasonable manner.

There can be no doubt that, at the time the investigation was made, respondent stood accused of the crime of assault with intent to commit murder, which is a felony. However, nowhere in the petition is there an allegation by the prosecuting attorney that the respondent is presently insane; nor is there any such allegation in the affidavit of the police officer attached to the petition.

· If it was claimed that respondent became insane after the commission of the felony, and before or during the trial, the petition should have alleged sufficient facts upon which the court could draw the inference that respondent was insane to the extent he was incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to such pro-

sheriff for safe custody and removal to the Ionia State hospital, to which hospital such person shall be committed to remain until restored to sanity. When such person shall be restored to sanity, and that fact has been determined by the superintendent of said hospital or by any other proceeding authorized by this section, the said superintendent of said hospital shall forthwith certify that fact in writing to said judge and prosecuting attorney. The judge shall thereupon immediately require the sheriff without delay to bring such person from the said hospital and place him in proper custody until he is remanded to prison, brought to trial or judgment, as the case may be, or is legally discharged."

ceedings, and of assisting in his own defense in a rational or reasonable manner. No such facts are alleged in this petition.

No allegations of respondent's insanity are set forth in the instant case by the prosecuting attorney or by the witnesses, as was done in *People* v. *Hall,* 185 Mich 54. There the prosecuting attorney alleged, upon information and belief, the respondent was at that time insane and petitioned the court to determine his mental condition; the petition was accompanied by the affidavits of 4 citizens, from which the court could draw an inference of insanity of the respondent.

The petition of the prosecutor in this action is insufficient to clothe the court with authority to make the investigation contemplated by the statute.

While the constitutionality of the statute involved is seriously questioned, we must at this time decline to pass upon that phase of the case for the reason it is a settled policy of this Court to avoid determination upon that ground if the case presented can be disposed of upon any other ground.

For the above reasons, the trial judge's order canceling respondent's bond is cancelled and revoked, the order requiring respondent's witnesses to appear at a separate hearing before a sanity commission to testify is set aside and held for naught, and the cause shall be forthwith set for trial. Writs of mandamus may issue, if necessary, out of and under the seal of this Court directed to John P. O'Hara, judge of the recorder's court of the city of Detroit, commanding him to take all steps necessary in his official capacity to set aside said orders and to set said cause for trial forthwith.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.